UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TERESA GONZALES, *individually* and H.G., *a minor, by and through her guardian ad litem, Lillian Tegio,*<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, *et al.*,<br><br>Defendants. | Case No.  1:21-cv-01091-DAD-HBK<br><br>ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM FOR MINOR PLAINTIFF H.G.<br><br>(Doc. No.  11) |

Plaintiffs proceed in this matter on their complaint filed pursuant to 42 U.S.C. § 1983 on July 14, 2021.  (Doc. No. 1).  Pending before the Court is Plaintiffs' motion to appoint Lillian Tegio as the guardian ad litem for Plaintiff H.G., who is a minor.  (Doc. No. 11).

Federal Rule of Civil Procedure 17 provides for a representative of a minor to sue or defend on a minor's behalf.  Fed. R. Civ. P. 17(c).  That representative, called guardian ad litem, carries the authority to act on the minor's behalf and "make all appropriate decisions in the course of specific litigation."  *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986).  The "guardian ad litem need not possess any special qualifications," but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."  *AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d

1042, 1053-54 (E.D. Cal. 2015) (citations omitted).  "[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *Gonzalez v. Reno*, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub nom. *Gonzalez v. Reno*, 212 F.3d 1338 (11th Cir. 2000).  While a parent is generally appointed as guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. *Anthem Life Ins. Co. v. Olguin*, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672 at *2 (E.D. Cal. May 9, 2007).  A parent is therefore not entitled as a matter of right to act as guardian ad litem for their child. *Id.*

This action arises out of an incident that occurred on September 27, 2020 that resulted in the death of the minor-Plaintiff H.G's father, Eloy Gonzalez, Jr.  (*See generally* Doc. No. 1).  Lillian Tegio is the mother of the minor-Plaintiff H.G.  (Doc. No. 11).  Tegio attests she "has no interest adverse to that of the minor."  (*Id.* at 2).  The Court does not discern any apparent conflict of interest or any other factors demonstrating Tegio's appointment is not in the minor-Plaintiff H.G.'s best interest.

Accordingly, it is **ORDERED**:

1. Plaintiffs' motion for guardian ad litem (Doc. No. 11) is GRANTED.
2. Lillian Tegio is appointed guardian ad litem for the minor-Plaintiff H.G.

Dated:   September 13, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2