JOHN L. BURRIS, Esq., CA State Bar No. 69888
BENJAMIN NISENBAUM, Esq., CA State Bar No. 222173
JAMES COOK, Esq., CA State Bar No. 300212
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@gmail.com
james.cook@johnburrislaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TERESA GONZALEZ, individually; and H.G., a minor, by and through a guardian ad litem, LILLIAN TEGIO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, a municipal corporation; JEFF DIRKSE, individually, and in his capacity as Sheriff for COUNTY OF STANISLAUS; CHAD LEWIS, individually, and in his capacity as a Sheriff's Deputy for COUNTY OF STANISLAUS; BRANDON SILVA, individually, and in his capacity as a Sheriff's Deputy for COUNTY OF STANISLAUS; MICHAEL SIERRA, individually, and in his capacity as a Sheriff's Deputy for COUNTY OF STANISLAUS; FERNANDO GOMEZ, individually, and in his capacity as a Sheriff's Deputy for COUNTY OF STANISLAUS; ROGER COFFMAN, individually, and in his capacity as a Sheriff's Deputy for COUNTY OF STANISLAUS; STEVEN NOEL, | Case No. 1:21-cv-01091-DAD-HBK<br><br>**FIRST AMENDED COMPLAINT** |

individually, and in his capacity as a Sheriff's Deputy for COUNTY OF STANISLAUS; CRAIG VALERA, individually, and in his capacity as a Sheriff's Deputy for COUNTY OF STANISLAUS; JOSHUA BORBA, individually, and in his capacity as a Sheriff's Deputy for COUNTY OF STANISLAUS; BRYAN CUMMINGS, individually, and in his capacity as a Sheriff's Deputy for COUNTY OF STANISLAUS; and, and DOES 1-100, inclusive,

Defendants.

## INTRODUCTION

In the early morning of September 27, 2020 in Modesto, California, Defendants CHAD LEWIS and BRANDON SILVA, two COUNTY OF STANISLAUS Sheriff's Department deputies, shot and killed 41-year-old ELOY GONZALEZ, JR. outside of a building near the 800 block of Business Park Drive. Mr. GONZALEZ, who was experiencing homelessness and had a history of severe mental illness, was approached by COUNTY OF STANISLAUS sheriff's deputies who were reportedly responding to a silent burglary alarm in the area. Mr. GONZALEZ had set up a make-shift cardboard shelter along an exterior wall of one of the office buildings. When deputies approached Mr. GONZALEZ's area, they immediately started yelling profanities and threats at him, ordering him to put his hands up and walk forward. Mr. GONZALEZ, exhibiting confusion at the deputies' inflammatory and combative behavior towards him, showed them his empty hands and asked what was going on. Despite no indication of any threat, deputies continued to demand that Mr. GONZALEZ walk out of his cardboard enclave with his hands on his head. Mr. GONZALEZ remained sitting in place, with his hands visible, calmly speaking to the deputies and informing them that he wanted to stay exactly where he was. Mr. GONZALEZ told the deputies that his father owned the building, and made other statements that made it

obvious he was mentally impaired. There was no indication that Mr. GONZALEZ had committed any crime whatsoever, and had not threatened anyone.

Despite the obvious signals that indicated Mr. GONZALEZ did not understood the full reality of what was happening, the deputies continued to escalate the situation. Multiple additional deputies arrived at the scene, including a K-9 unit, and they continued to yell at Mr. GONZALEZ. At no point did the deputies attempt to use de-escalation tactics. Instead of backing away from Mr. GONZALEZ, who was surrounded, the defendants slowly encroached on him, irrationally compressing the zone of safety and time.

One deputy stated that he saw an object located underneath Mr. GONZALEZ's belongings and asked, "Is that a knife?" to which another deputy responded, "It looks like some kind of tool." Mr. GONZALEZ was still sitting down, his hands empty. Though there was every opportunity for the deputies to create time and space and employ the de-escalation tactics all California police officers are trained to use, especially when responding to mentally impaired people, the deputies did the opposite and unreasonably escalated the situation. The police K-9 dog barked continuously as the deputies yelled commands at Mr. GONZALEZ.

One of the deputies then discharged a beanbag shotgun at Mr. GONZALEZ . Immediately after the beanbag shot, the deputies began rushing to tackle Mr. GONZALEZ and continued screaming at him. Mr. GONZALEZ responded by picking up the tool, but never wielded the tool in an offensive manner. Defendants CHAD LEWIS and BRANDON SILVA both fired multiple fatal gunshots at Mr. GONZALEZ, even though he had already been tackled and restrained. Mr. GONZALEZ later died in a hospital as a result of the wholly unnecessary gunshot wounds.

Mr. GONZALEZ posed no significant threat of imminent harm to anyone when Defendants killed him. This Complaint seeks redress for the malicious killing of Mr. GONSALEZ by Defendants, punitive damages against Defendants LEWIS and SILVA, and re-training and policy change by Defendant COUNTY OF STANISLAUS to ensure that its police officers properly use the weapons de-escalation training it provides them to handle people like Mr. GONSALEZ in a reasonable and safe manner, instead of simply killing them.

First Amended Complaint
*Gonzalez, et al. v. County of Stanislaus, et al.* 1:21-cv-01091-DAD-HBK      3

# JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the County of Stanislaus, California, which is within this judicial district.

# PARTIES

2. Plaintiff MARIA TERESA GONZALEZ is the mother of Decedent ELOY GONZALEZ, JR. She brings this action on her own behalf.

3. Minor Plaintiff H.G. is the minor daughter and the successor-in-interest to Decedent ELOY GONZALEZ, JR.. She is being represented in this action by her Guardian Ad Litem, LILLIAN TEGIO.

4. Decedent ELOY GONZALEZ, JR. and each of the Plaintiffs identified in this action are citizens of the United States of America.

5. Defendant COUNTY OF STANISLAUS ("COUNTY" herein) is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the COUNTY operates the COUNTY OF STANISLAUS Sheriff's Department.

6. At all times mentioned herein, Defendant JEFF DIRKSE ("DIRKSE") was employed by Defendant COUNTY OF STANISLAUS as Sheriff for the COUNTY. He is being sued in his official capacity as Sheriff for the COUNTY. Plaintiffs contend that Defendant DIRKSE was personally on notice of the Unconstitutional deficiencies in Defendant COUNTY's policies, practices and training regarding the use of force and the reasonable continuing use of available less-lethal alternatives that would render lethal force unreasonable, but with deliberate indifference failed to correct said Unconstitutional deficiencies.

7. Defendant CHAD LEWIS ("LEWIS" herein), is and was at all times herein mentioned a sheriff's deputy employed by Defendant COUNTY OF STANISLAUS. He is being sued individually and in his official capacity as a sheriff's deputy for the COUNTY. Plaintiffs contend Defendant LEWIS, who was present at the scene of the subject-incident and fired his lethal firearm and shot Decedent multiple times killing him, used excessive force

unrelated to a legitimate law enforcement purpose and with reckless disregard for Decedent ELOY GONZALEZ, JR.'s rights, was an integral participant in the use of unreasonable force against Decedent ELOY GONZALEZ, JR., and was negligent.

8. Defendant BRANDON SILVA ("SILVA" herein), is and was at all times herein mentioned a sheriff's deputy employed by Defendant COUNTY OF STANISLAUS. He is being sued individually and in his official capacity as a sheriff's deputy for the COUNTY. Plaintiffs contend Defendant SILVA, who was present at the scene of the subject-incident and fired his lethal firearm and shot Decedent multiple times killing him, used excessive force unrelated to a legitimate law enforcement purpose and with reckless disregard for Decedent ELOY GONZALEZ, JR.'s rights, was an integral participant in the use of unreasonable force against Decedent ELOY GONZALEZ, JR., and was negligent.

9. Defendant MICHAEL SIERRA ("SIERRA" herein), is and was at all times herein mentioned a sheriff's deputy and employed by Defendant COUNTY OF STANISLAUS. He is being sued individually and in his official capacity as a sheriff's deputy for the COUNTY. Plaintiffs contend Defendant SIERRA, who was a Field Training Officer present at the scene of the subject-incident, was armed with a taser deployed, and did not fire his taser, either because Decedent ELOY GONZALEZ, JR. was not a sufficient threat for a Taser to be fired, or because Defendants CHAD LEWIS and BRANDON SILVA fired their handguns prematurely, and unreasonably, before Defendant SIERRA could fire his Taser. Plaintiffs further contend Defendant SIERRA was an integral participant in the use of Unreasonable Force against Decedent ELOY GONZALEZ, JR., and with deliberate indifference failed to intervene in the use of unreasonable force by Defendants LEWIS and SILVA, despite having reasonable opportunity to do so, and was negligent.

10. Defendant FERNANDO GOMEZ ("GOMEZ" herein), is and was at all times herein mentioned a sheriff's deputy and employed by Defendant COUNTY OF STANISLAUS. He is being sued individually and in his official capacity as a sheriff's deputy for the COUNTY. Plaintiffs contend Plaintiffs contend Defendant GOMEZ, who was a Field Training Officer present at the scene of the subject-incident and fired a less-than-lethal bean bag shotgun at

Decedent, was an integral participant in the subject-incident and with deliberate indifference failed to reasonably supervise defendant officers and failed to intervene to prevent the use of unreasonable force against Decedent ELOY GONZALEZ, JR., despite having the reasonable opportunity to do so, and was negligent.

11. Defendant ROGER COFFMAN ("COFFMAN" herein), is and was at all times herein mentioned a sheriff's deputy employed by Defendant COUNTY OF STANISLAUS. He is being sued individually and in his official capacity as a sheriff's deputy for the COUNTY. Plaintiffs contend Defendant COFFMAN, who was present at the scene of the subject-incident and fired a less-lethal bean bag shotgun at Decedent, was an integral participant in the use of unreasonable force against Decedent ELOY GONZALEZ, JR., failed to intervene in the use of unreasonable force against Decedent ELOY GONZALEZ, JR., and was negligent.

12. Defendant STEVEN NOEL ("NOEL" herein), is and was at all times herein mentioned a sheriff's deputy employed by Defendant COUNTY OF STANISLAUS. He is being sued individually and in his official capacity as a sheriff's deputy for the COUNTY. Plaintiffs contend Defendant NOEL, who was present at the scene of the subject-incident, was an integral participant in the use of unreasonable force against Decedent ELOY GONZALEZ, JR., failed to intervene in the use of unreasonable force against Decedent ELOY GONZALEZ, JR., and was negligent.

13. Defendant CRAIG VALERA ("VALERA" herein), is and was at all times herein mentioned a sheriff's deputy employed by Defendant COUNTY OF STANISLAUS. He is being sued individually and in his official capacity as a sheriff's deputy for the COUNTY. Plaintiffs contend Defendant VALERA, who was present at the scene of the subject-incident, was an integral participant in the use of unreasonable force against Decedent ELOY GONZALEZ, JR., failed to intervene in the use of unreasonable force against Decedent ELOY GONZALEZ, JR., and was negligent.

14. Defendant JOSHUA BORBA ("BORBA" herein), is and was at all times herein mentioned a sheriff's deputy employed by Defendant COUNTY OF STANISLAUS. He is being sued individually and in his official capacity as a sheriff's deputy for the COUNTY.

Plaintiffs contend Defendant BORBA, who was present at the scene of the subject-incident, was an integral participant in the use of unreasonable force against Decedent ELOY GONZALEZ, JR., failed to intervene in the use of unreasonable force against Decedent ELOY GONZALEZ, JR., and was negligent.

15. Defendant BRYAN CUMMINGS ("CUMMINGS" herein), is and was at all times herein mentioned a sheriff's deputy employed by Defendant COUNTY OF STANISLAUS. He is being sued individually and in his official capacity as a sheriff's deputy for the COUNTY. Plaintiffs contend Defendant CUMMINGS, who was present at the scene of the subject-incident, was an integral participant in the use of unreasonable force against Decedent ELOY GONZALEZ, JR., failed to intervene in the use of unreasonable force against Decedent ELOY GONZALEZ, JR., and was negligent.

16. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-100 inclusive, when they have been ascertained.

17. In engaging in the conduct described herein, Defendant sheriff's deputies acted under the color of law and in the course and scope of their employment with the COUNTY. In engaging in the conduct described herein, Defendant sheriff's deputies exceeded the authority vested in them as sheriff's deputies under the United States and California Constitutions and as sheriff's deputies employed by Defendant COUNTY.

## ADMINISTRATIVE PREREQUISITES

18. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs filed a claim against COUNTY OF STANISLAUS on March 26, 2021. COUNTY OF STANISLAUS rejected Plaintiffs' claim on May 6, 2021. Plaintiffs have exhausted all administrative remedies pursuant to California Government Code Section 910.

# STATEMENT OF FACTS

19. On the morning of September 27, 2020, around 5:00 a.m., Defendants CHAD LEWIS and BRANDON SILVA, deputies for the COUNTY OF STANISLAUS Sheriff's Department, killed Decedent ELOY GONZALEZ, JR. in an officer-involved Shooting. Mr. GONZALEZ was sitting in a make-shift cardboard shelter outside of an office park building in Modesto. Deputies were reportedly responding to a silent burglary alarm in the area when they came across Mr. GONZALEZ, who was camped out behind bushes near an exterior wall of a building.

20. Mr. GONZALEZ had been homeless for two to three years at this point, and he struggled from severe mental illness including psychosis and an unspecified mood disorder. Mr. GONZALEZ had a history of 5150 admittances, and he was observed by doctors to be "gravely disabled." Despite indications of "poor insight and judgement," doctors described Mr. GONAZLEZ to be "non-hostile" and "not a violence/danger to others."

21. The COUNTY OF STANISLAUS Sheriff's Department was responding to a silent burglary alarm near the 800 Block of Business Park Drive in Modesto, California when multiple deputies came across Mr. GONZALEZ outside of a building next to his cardboard shelter. Mr. GONZALEZ was not suspected of having any involvement in the potential burglary.

22. Mr. GONZALEZ noticed the multiple sheriff's deputies walking near him and said, "Hey, what's up man?" Immediately, the deputies told Mr. GONZALEZ to put his hands up. Mr. GONZALEZ exhibited confusion at the deputies' combative behavior towards him, and he tried to figure out what was happening. Deputies immediately started screaming profanities at Mr. GONZALEZ, telling him to put his hands up and saying, "You're going to get tased." Mr. GONZALEZ responded with, "For what?" and then he held up his hands to show the deputies that he was not holding any objects.

23. Despite no indication of any threat, deputies continued to demand that Mr. GONZALEZ walk out of his cardboard enclave with his hands on his head. Mr. GONZALEZ remained standing in place, with his hands visible, telling the deputies that his father owned the building and stating, "I'm staying outside for a reason," and "I'm sitting down because this is all

I got. This is all I got." Mr. GONZALEZ then sat down on the sidewalk ledge, continuing to speak to the deputies in a calm tone of voice, with his hands still visible the entire time.

24. One deputy told Mr. GONZALEZ that he would be arrested if he did not comply. Mr. GONZALEZ responded, "Well you're going to have to explain that to the President." Despite this signal that Mr. GONZALEZ may not have understood the reality of what was happening and was exhibiting diminished mental capacity, sheriff's deputies continued to escalate the situation.

25. Multiple additional sheriff's deputies arrived at the scene, including a K-9 unit. The deputies continued to threaten Mr. GONZALEZ, yelling things like, "Show us your hands or we'll send the dog." Mr. GONZALEZ, still with his hands visible to the deputies, responded, "My hands are right here." His hands remained empty.

26. A yet-to-be-identified deputy then shouted, "I got lethal." As the K-9 handler continued to threaten to release the dog on Mr. GONZALEZ, Mr. GONZALEZ exclaimed, "I'm an innocent man." The police K-9 dog barked continuously.

27. At this time, other deputies exclaimed that they saw an object located underneath Mr. GONZALEZ's belongings. One deputy asked, "Is that a knife?" to which another deputy responded, "It looks like some kind of tool."  Seconds later, a deputy discharged a beanbag shotgun at Mr. GONZALEZ. Immediately after the beanbag shot, the deputies rushed to tackle Mr. GONZALEZ, screaming at him and piling on top of him. Mr. GONZALEZ remained seated but picked up a wood-handled tool when the Defendants rushed him. He never threatened anyone with it, and held it defensively only. At this moment, Deputies Chad LEWIS and Brandon SILVA both fired multiple gunshots at Mr. GONZALEZ. As a result of the incident, Mr. GONZALEZ suffered multiple gunshot wounds and died at the hospital.  Mr. GONZALEZ suffered extreme conscious pain, suffering and emotional distress caused by the shooting prior to his death.

28. Plaintiffs contend that at most less-lethal force was reasonable under these circumstances, and every reasonable officer would know that lethal force was unreasonable, because Mr. GONZALEZ was not actively threatening anyone nor was anyone in imminent risk

of serious harm or death, except Mr. GONZALEZ from the Defendants. Defendants were clearly on notice that Mr. GONZALEZ was mentally impaired, because it was obvious, but totally failed to create distance and time, instead compressing the distance and time frame. Defendants were required to take Mr. GONZALEZ's mental impairment into consideration, and utterly failed to do so, instead irrationally escalating their use of force to lethal force.

29. Furthermore, Deputy SILVA has a history of using lethal force as a COUNTY OF STANISLAUS Sheriff's Deputy, and COUNTY OF STANISLAUS has been on notice of his repeated use of excessive force. Nevertheless, the COUNTY has failed to discipline, re-train or otherwise remediate Deputy SILVA regarding the reasonable use of force including lethal force. The COUNTY's negligence and indifference in this regard is a proximate cause of Plaintiffs' injuries and resulting damages.

30. Plaintiffs further allege that Decedent's death was the proximate result of Defendant COUNTY's failure to reasonably train their sheriff's deputies in the proper and reasonable use of force, failure to reasonably train their sheriff's deputies in responding to mentally impaired people, and using force in a manner to reasonably avoid killing people. Plaintiffs further allege that these substantial failures reflect Defendant COUNTY's policies implicitly ratifying and/or authorizing the use of excessive force by its sheriff's deputies and the failure to reasonably train sheriff's deputies employed by Defendant COUNTY in compliance with the Americans with Disabilities Act in making arrests, detentions, or conducting 5150's[1].

31. The shooting and killing of Decedent ELOY GONZALEZ, JR. described herein

---

[1] Plaintiffs note that the COUNTY recently released its officer-involved shooting review of the subject-incident, which claimed the defendants were justified in shooting and killing Mr. GONZALEZ. On its face, the COUNTY's report, prepared by its own District Attorney, purporting to justify the killing of Mr. GONZALEZ by its own sheriff's deputies, misstates the law and the facts of the case as demonstrated on video to reach its phony, self-serving conclusion.  The D.A.'s report asserts, as one part of its rationale: "Society cannot tolerate an individual's rebuff of its laws" with regard to Mr. GONZALEZ's apparent failure to outright comply with Defendants orders. Yet, Federal law in the 9th Circuit require police officers to take into account whether a person's lack of compliance is caused by apparent mental impairment, as opposed to treating it as an indicator of threatening conduct, while California Penal code section 835a requires officers to use lethal force only when necessary, and that tactical repositioning by police officers may be required if it would eliminate any threat posed by a subject.  The District Attorney's report misapprehends section 835a, ignores relevant 9th Circuit law, and demonstrates an abuse of discretion and bias such that the California Attorney General should intervene and conduct its own review of the shooting.

was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiffs' injuries and resulting damages.

## DAMAGES

32. Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent ELOY GONZALEZ, JR.'s wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61.

33. Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

34. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, Plaintiffs are further entitled to recover for damages incurred by decedent before he died as the result of being assaulted and battered, for deprivation without due process of Decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived. Plaintiffs are further entitled to recover for Decedent's own pain and suffering and emotional distress incurred as a consequence of Defendants' violations, preceding Decedent's death.

35. The conduct of the Defendant Deputies was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said individual Defendants.

36. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code Section 1988.

### FIRST CAUSE OF ACTION
( 42 U.S.C. Section 1983- Excessive Force)
(Minor Plaintiff H.G. as successor-in-interest to Decedent ELOY GONZALEZ, JR. against Defendants LEWIS, SILVA, and DOES 1-50)

First Amended Complaint
*Gonzalez, et al. v. County of Stanislaus, et al.* 1:21-cv-01091-DAD-HBK                    11

37. Plaintiff H. G., as successor-in-interest to Decedent ELOY GONZALEZ, JR. hereby re-allege and incorporate by reference herein paragraphs 1 through 36 of this Complaint.

38. Defendants LEWIS, SILVA, and DOES 1-50, acted under color of law by killing Decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiff and the Decedent of certain constitutionally-protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures by Defendants LEWIS and SILVA's uses of excessive force in unreasonably shooting and killing Decedent, in violation of the Fourth Amendment.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Violations of Plaintiffs' civil rights to familial relationship - 42 U.S.C. Section 1983)
(All Plaintiffs against Defendants LEWIS, SILVA, and DOES 1-50)

39. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 38 of this Complaint.

40. Defendants LEWIS, SILVA, and DOES 1-50, acting under color of law, and without due process of law deprived Plaintiffs of their right to a familial relationship with Decedent by use of unreasonable, unjustified deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation, in violation of the Fourteenth Amendment to the United States Constitution. Defendants LEWIS, SILVA, and DOES 1-50 acted with an intent to harm Decedent unrelated to legitimate law enforcement purposes in killing Decedent.

41. As a proximate result of Defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(C.C.P. Section 377.60 and 377.61)
(Wrongful Death - Negligence)
(Minor Plaintiff H.G. individually, and as successor-in-interest to Decedent, against Defendants LEWIS, SILVA, and DOES 1-50)

42. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

43. At all times herein mentioned, Defendants LEWIS, SILVA, and DOES 1-50, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests, and to act reasonably in their pre-shooting tactics and when shooting their guns or otherwise using force. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendant COUNTY is vicariously liable to Plaintiff for her injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

44. Defendants shot and killed Decedent despite the absence of a threat to any Defendant deputies or any other person. Because Decedent died leaving one issue, Minor Plaintiff H.G, is his successor-in-interest with standing to sue for his wrongful death under California state law.

45. Defendants' negligent actions and/or negligent failure to act within the scope and

course of their employment with Defendant COUNTY, as set forth above, proximately caused the death of Decedent. Defendant COUNTY is liable under *respondeat superior.*

46. As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiffs sustained a pecuniary loss resulting from the loss of comfort, society, attention, services, and support of Decedent, in an amount according to proof of trial.

47. As a further actual and proximate result of said Defendants' negligence, Plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

48. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs brought this action, and claims damages from said Defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

FOURTH CAUSE OF ACTION
(Violation of California Civil Code Section 52.1)
(Minor Plaintiff H.G. as successor-in-interest to Decedent, against Defendants LEWIS, SILVA, COUNTY, and DOES 1-50)

49. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 48 of this Complaint.

50. The conduct of Defendants LEWIS, SILVA, and DOES 1-50, inclusive, as described herein, acting in the course and scope of their employment for Defendant COUNTY, violated California Civil Code Section 52.1, in that they interfered with Decedent ELOY GONZALEZ, JR.'s exercise and enjoyment of his civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable arrest of said Decedent, all accomplished through force, threats, intimidation, and coercion.

51. As a direct and proximate result of Defendants' violation of Civil Code § 52.1,

Mr. GONZALEZ suffered violations of his constitutional rights, and suffered damages as set forth herein.

52. Since this conduct occurred in the course and scope of their employment, Defendant COUNTY is therefore liable to Plaintiff pursuant to *respondeat superior*.

53. Plaintiff is entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil Code § 52.1(h).

54. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of reasonable attorney's fees pursuant to Civil Code § 52(a).

55. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00 penalty per violation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

FIFTH CAUSE OF ACTION
(Wrongful Death - Battery)
(Minor Plaintiff H.G. individually, and as successor-in-interest to Decedent, against Defendants LEWIS, SILVA, COUNTY, and DOES 1-50)

56. Plaintiff hereby re-alleges and incorporate by reference herein paragraphs 1 through 55 of this Complaint.

57. Defendant Deputies LEWIS and SILVA while working in their capacity as sheriff's deputies for the COUNTY OF STANISLAUS, and acting within the course and scope of their duties, intentionally shot and killed Decedent without a lawful basis.

58. As a result of the actions of the Defendants, Decedent suffered physical injuries and was killed. Defendant Deputies LEWIS and SILVA did not have legal justification for using force against Decedent, and Defendants' uses of force while carrying out their sheriff's deputy

duties were unreasonable uses of force. Defendant COUNTY is liable under principles of *respondeat superior.*

59. As a direct and proximate result of Defendants' assault and battery of Decedent, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

60. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988 and Civil Code Section 52.1;
5. For injunctive relief;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

Dated:  May 21, 2021                            **The Law Offices of John L. Burris**

/s/ *James Cook*
John L. Burris
Ben Nisenbaum
James Cook
Attorneys for Plaintiffs