**JOHN L. BURRIS, ESQ., SBN 69888**
**BEN NISENBAUM, ESQ., SBN 222173**
**JAMES COOK, ESQ., SBN 300212**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120 Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Ben.Nisenbaum@johnburrislaw.com
Email: James.Cook@johnburrislaw.com

Attorneys for Plaintiffs
MARIA TERESA GONZALEZ, et al.,

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TERESA GONZALEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF STANISLAUS, et al., <br><br> Defendants. | Case No.: 1:21-cv-01091-ADA-HBK <br><br> **PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS TO EVIDENCE IN PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** <br><br> **Judge:** Hon. Ana de Alba |

Plaintiffs submit the following replies to Defendants COUNTY OF STANISLAUS, CHAD LEWIS, and BRANDON SILVA'S objections to the evidence in support of plaintiff's Motion for Summary Judgment.

**Reply To Objection No. 1. Exhibit 2: Deputy Sierra Body Worn Camera Video**

This video was provided by defense counsel. (Exhibit 1 - Emails). We informed defense counsel multiple times that the videos were redacted. We exchanged emails on the matter on April 8, 2022;

April 11, 2022; May 3, 2022, May 5, 2022; May 13, 2022; May 27, 2022. (Exhibit 1 - Emails) We informed her again on June 1, 2022 just before we began depositions. (Exhibit 1 - Emails) Regardless, deputies confirmed that the redacted video accurately depicted the events giving rise to the lawsuit. (Depos: Lewis pages 13 -14, Silva Depo pages 39 -41) Moreover, the videos were released under a protective order. (EFC Docket #27, October 28, 2022) Plaintiffs could not have access to these videos without defendants' disclosure.

**Reply To Objection No. 2. Exhibit 3: Deputy Lewis Body Worn Camera Video**

This video was provided by defense counsel. (Exhibit 1 - Emails) We informed defense counsel multiple times that the videos were redacted. We exchanged emails on the matter on April 8, 2022; April 11, 2022; May 3, 2022, May 5, 2022; May 13, 2022; May 27, 2022. (Exhibit 1 - Emails) We informed her again on June 1, 2022 just before we began depositions. (Exhibit 1 - Emails) Regardless, deputies confirmed that the redacted video accurately depicted the events giving rise to the lawsuit. (Depos: Lewis pages 13 -14, Silva Depo pages 39 -41) Moreover, the videos were released under a protective order. (EFC Docket #27, October 28, 2022) Plaintiffs could not have access to these videos without defendants' disclosure.

**Reply To Objection No. 3. Exhibit 4: Deputy Silva Body Worn Camera Video**

This video was provided by defense counsel. (Exhibit 1 - Emails) We informed defense counsel multiple times that the videos were redacted. We exchanged emails on the matter on April 8, 2022; April 11, 2022; May 3, 2022, May 5, 2022; May 13, 2022; May 27, 2022. (Exhibit 1 - Emails) We informed her again on June 1, 2022 just before we began depositions. (Exhibit 1 - Emails) Regardless, deputies confirmed that the redacted video accurately depicted the events giving rise to the lawsuit. (Depos: Lewis pages 13 -14, Silva Depo pages 39 -41) Moreover, the videos were released under a protective order. (EFC Docket #27, October 28, 2022) Plaintiffs could not have access to these videos without defendants' disclosure.

**Reply To Objection No. 4. Roger Clark Expert Report**

Roger Clark simply testified to what he observed in the video. He testimony about Mr. Gonzalez's shelter was for the purpose of providing context. Observing the presence of the makeshift shelter provides objective and empirical context for why the officers should have concluded that Mr. Gonzalez was a homeless man in mental crisis. Mr. Clark did not testify in terms of how the structure was created. (Clark Report pages 13 – 17).

Dated: June 12, 2023          **THE LAW OFFICES OF JOHN L. BURRIS**

/s/ *James Cook*
Ben Nisenbaum, Esq.
James Cook
Attorney for Plaintiffs
MARIA GONZALEZ, et al.